SAMUEL STERNBERG, Respondent, *v.* HARRY ROEDER and MAY METZGER CASH, as Administratrix of the Estate of JOSEPH METZGER, Deceased, Defendants.

HARRY ROEDER, Appellant.

Supreme Court, Appellate Term, First Department, November 9, 1928.

*May & Jacobson* [*Isaac N. Jacobson* of counsel], for the appellant.

*Adolph Kreisberg,* for the respondent.

PER CURIAM. The partial defense (which is really a counterclaim) is susceptible of the construction that the tenant-appellant abandoned possession of the premises on the agreement of the landlord to let the premises during the residue of the term and apply the rent received toward payment of the rent reserved by the lease; that thereafter the tenant produced a suitable tenant who agreed to hire the premises for the balance of the term and pay the landlord therefor the sum of $1,000 rent, and the landlord would not accept the proposed tenant because such proposed tenant refused to also hire the store and apartment above the store in a building adjoining the demised premises. Such an alleged agreement did not offend the Statute of Frauds; it did not lack consideration, and it was competent for the landlord to waive the provision of the lease requiring consent to sublet or assign to be evidenced by a writing. As no

objection was made to the mere form of the plea, it was error to strike out the so-called defense and the evidence given in support of the claim.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, DELEHANTY, LYDON and CRAIN, JJ.